IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOHN F. (JEF) CURRAN III, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:23-cv-00159 |
| | ) District Judge Richardson |
| BROOKSTONE HOME OWNERS | ) Magistrate Judge Frensley |
| ASSOCIATION, INC., et al. | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

### I.     INTRODUCTION

This matter is before the Court upon Defendants' "Joint Rule 12 Motion to Dismiss Amended Complaint, Motion for Judgment on the Pleadings, and Motion for a More Definite Statement." Docket No. 20[1]. Additionally, Defendant Shaun M. Smith has filed a Motion in Support of Defendants' Joint Motion, incorporating by reference the Defendants' Motion. Docket No. 22. Plaintiff John F. "Jef" Curran III, who is proceeding pro se, has filed a "Response to Motion to Dismiss (Doc. 20)." Docket No. 24.

For the reasons set forth herein, the undersigned recommends that Defendants' Joint Motion and Mr. Smith's Motion be **GRANTED** pursuant to Fed. R. Civ. P. 12(b)(1) and that this action be **DISMISSED WITHOUT PREJUDICE**.

### II.     FACTUAL ALLEGATIONS OF PLAINTIFF'S AMENDED COMPLAINT[2]

Plaintiff is the sole proprietor of his construction and maintenance business, as well as a member of Defendant Brookstone Home Owners Association ("Brookstone"). Docket No. 17, pp.

---

[1] Docket No. 20 comprises both the Defendants' motion and their supporting memorandum.
[2] The Amended Complaint (Docket No. 17) is now the operative complaint. Fed. R. Civ. P. 15; *Pac. Bell Tel. Co. v. linkLine Commc'ns Inc.*, 555 U.S. 438, 456 n.4 (2009).

1

3-4. Through his sole proprietorship, Plaintiff was "routinely hired" to "complete maintenance and construction projects throughout the neighborhood and at the private homes of the Board members." *Id.* During this time, Plaintiff submitted numerous bids to complete projects for Brookstone–most of which, according to Plaintiff, were the lowest bid. *Id.* at 3. As a resident of the community, Plaintiff chose to provide his services at a low cost "out of care and concern that the Defendants did not have the competency to select providers of similar services." *Id.* at 4. At no point did Plaintiff ever receive any complaints from Brookstone about the quality, cost, or timely completion of Plaintiff's assigned projects. *Id.*

While he was hired to perform various projects for the community, Plaintiff asserts that Defendant Maryjo H. Shockley "routinely made sexually based comments to the Plaintiff," "routinely touched the Plaintiff in an unwanted fashion," and "exerted undo [sic] influence upon the Plaintiff by soliciting sexual favors in exchange for work opportunities on behalf of [Brookstone]." *Id.* at 3. Plaintiff claims that he has received no work assignments from Brookstone since declining Ms. Shockley's advances. *Id.* at 5.

Sometime in mid-2022, Plaintiff disclosed to the Board members a "federal criminal action to which the Plaintiff was a party." *Id.* at 3. Upon disclosing the criminal matter, Plaintiff directed the Board members to "review the transcript(s) of the criminal matter" and informed them about the "ongoing civil suit against the United States Government for damages incurred by the Plaintiff." *Id.* at 4. Plaintiff asserts that the Board members "claimed to have fully researched the matter and concurred with the Plaintiff and the Plaintiff's assertions." *Id.* at 3.

On February 21, 2023, Brookstone circulated an electronic memo about the Plaintiff to members of the Brookstone Home Owners Association, which states in part:

> Over the last month, an individual who is now living in the neighborhood has been engaged in conduct that is misleading,

> divisive and inappropriate. The individual initially made a demand that the entire board resign and his unusual demands have escalated from there. An investigation into what prompted this demand revealed a troubling past for this individual who, if it is the same individual, was convicted in federal court in 2013 of securities fraud, sentenced to 37 months in prison, sentenced to an additional 3 years of probation, and "ordered [to] forfeit $1,963,065, and pay restitution of $1,250,768 to repay victims for the money they invested in [the individual's company]."

*Id.* at 2-3.

### III. PROCEDURAL HISTORY

Plaintiff filed his initial Complaint on February 22, 2023, against Brookstone, Ms. Shockley, and six other Board members. Docket No. 1, p. 1. In the initial Complaint, Plaintiff claimed that the electronic memo was defamatory and prayed for relief "in excess of $75,000 per Defendant and punitive damages as the Court deems appropriate." *Id.* at 4. Upon finding no basis for federal subject matter jurisdiction, District Judge Eli Richardson issued an Order to Show Cause (Docket No. 13) on March 7, 2023, demanding that Plaintiff submit an Amended Complaint within 30 days demonstrating a clear basis for either federal question jurisdiction or diversity jurisdiction. *Id.* at 3. Thereafter, Plaintiff filed an Amended Complaint on March 15, 2023, in which he added a claim for sexual harassment in response to Ms. Shockley's alleged actions prior to the circulation of the memo. Docket No. 17, p. 5.

On April 4, 2023, Defendants submitted the present Joint Rule 12 Motion to Dismiss Amended Complaint, Motion for Judgment on the Pleadings, and Motion for More Definite Statement. Docket No. 20. In their Motion, Defendants argue that Plaintiff's Amended Complaint should be dismissed on three separate grounds: (1) lack of subject matter jurisdiction, (2) failure to state a claim upon which relief may be granted, and (3) failure to allege that the Equal Opportunity Employment Commission provided Plaintiff with a right-to-sue letter pursuant to

3

U.S.C. 29 § 1604.1. *Id.* at 1-13. In the alternative, Defendants argue that Plaintiff should be required to submit a more definite statement because the vague and ambiguous nature of the allegations in the Amended Complaint are such that Defendants cannot reasonably prepare a response. *Id.* at 13-15.

Plaintiff then filed a "Response to Motion to Dismiss (Doc. 20).". Docket No. 24. In his Response, Plaintiff asserts that Defendants' motion is moot because "this Court stated that the case met the requirement for a federal question." *Id.* at 1. But should the Court disagree with him on the issue of mootness, Plaintiff offers to provide "a more definite statement than what is reasonably expected to be learned from the discovery process." *Id.*

## IV. STANDARD OF REVIEW

Pleadings and documents filed by pro se litigants are to be "liberally construed," and a "pro se complaint, however inartfully pleaded, must be held to a less stringent standard than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Additionally, courts will consider documents filed after the complaint "as part of the pleadings" on a motion to dismiss. *Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 1975) (quoting *Flournoy v. Seiter*, No. 98-3535, 1987 WL 24129 (6th Cir. Dec. 7, 1987)). However, "the lenient treatment generally accorded to pro se litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)). District Courts "have no obligation to act as counsel or paralegal" to pro se litigants. *Pliler v. Ford*, 542 U.S. 225, 231 (2004). District Courts are also not "required to create" a pro se litigant's claim for him. *Payne v. Sec'y of Treasury*, 73 App'x 836, 837 (6th Cir. 2003).

## V. LAW AND ANALYSIS

### A. Fed. R. Civ. P. 12(b)(1)

Fed R. Civ. P. 12(b)(1) allows for the dismissal of an action for lack of subject matter jurisdiction through a motion that challenges either the "sufficiency of the pleading itself (facial attack) or the factual existence of the subject matter jurisdiction (factual attack)." *Cartwright v. Garner*, 751 F.3d 752, 759 (6th Cir. 2014) (citing *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994)). There are two basic types of subject-matter jurisdiction: federal-question jurisdiction and diversity-of-citizenship jurisdiction. 28 U.S.C. §§ 1331, 1332. A plaintiff properly invokes federal question jurisdiction when he or she pleads a colorable claim "arising under" the Constitution or laws of the United States. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006) (citation omitted). A plaintiff invokes diversity jurisdiction when he or she presents a claim between parties who are citizens of different states and the value of that claim exceeds $75,000. 28 U.S.C. § 1332(a). Plaintiff bears the burden of establishing jurisdiction, *Kokkonen*, 511 U.S. at 377, and the court must dismiss this case without prejudice if he or she fails to do so. *Ernst v. Rising*, 427 F.3d 351, 366 (6th Cir. 2005); *see also Akno 1010 Mkt. St. St. Louis Missouri LLC v. Pourtaghi*, 43 F.4th 642, 627 (6th Cir. 2022) (directing district courts to "assure themselves of subject-matter jurisdiction at the earliest possible moment to avoid wasting judicial and party resources"). The court takes the allegations of the complaint as true when analyzing whether plaintiffs have pleaded a basis for subject matter jurisdiction. *Cartwright,* 751 F.3d at 759.

Under the Supreme Court's decision in *Bell v. Hood*, dismissal for lack of subject matter jurisdiction due to the inadequacy of the federal claim is only proper when "the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction" or "where such a claim is wholly insubstantial and frivolous." 327 U.S.

5

Case 3:23-cv-00159    Document 25    Filed 06/05/23    Page 5 of 10 PageID #: 118

678, 682-83, 66 S. Ct. 773, 90 L. Ed. 939 (1946); *see also Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89, 118 S. Ct. 1003, 140 L. Ed. 2d 210 (1998) (holding that dismissal on the basis of subject matter jurisdiction is proper only when the claim is "so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy") (citations omitted). The *Bell* Court explained its reasoning by stating that:

> [I]t is well settled that the failure to state a proper cause of action calls for a judgment on the merits and not for a dismissal for want of jurisdiction. Whether the complaint states a cause of action on which relief could be granted is a question of law and just as issues of fact it must be decided after and not before the court has assumed jurisdiction over the controversy.

*Id.* at 682.

### B. The Case at Bar

For the reasons stated below, the undersigned recommends that this case be dismissed without prejudice pursuant to Fed. R. Civ. P. 12(b)(1), as complete diversity does not exist among the parties and Plaintiff's claims do not raise a federal question for purposes of subject matter jurisdiction. Additionally, dismissal for lack of subject matter jurisdiction is also warranted because Plaintiff's sexual harassment claim–added into his Amended Complaint after he was told that his defamation claim contained no basis for federal jurisdiction–"clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction." *Bell*, 327 U.S. at 682-83.

#### 1. **Complete Diversity Does Not Exist Among the Parties.**

In his Amended Complaint, Plaintiff states that "[t]his matter is uniquely positioned to be heard in the Federal Court as the circulation of the defamatory document was received by a Member [of the Board] located in the State of New York." Docket No. 17, p. 2. However, this purported occurrence is irrelevant to the elements of diversity jurisdiction. Because Plaintiff has

6

Case 3:23-cv-00159     Document 25     Filed 06/05/23     Page 6 of 10 PageID #: 119

not established that he and Defendants are domiciled in different states, complete diversity does not exist among the parties.

Echoing District Judge Eli Richardson's statements in his March 7, 2023, Order to Show Cause (Docket No. 13), Plaintiff still has not "fully allege[d] the citizenship of each party" for purposes of 28 U.S.C. § 1332. Docket No. 13, p. 2. Citizenship under § 1332 "is synonymous not with 'residence' but with 'domicile,'" *Kaiser v. Loomis*, 391 F.2d 1007, 1009 (6th Cir. 1968) (citations omitted), and domicile requires physical presence with a present intent to remain indefinitely. *Bateman v. E.I. DuPont De Nemours & Co.*, 7 F. Supp. 2d 910, 932 (E.D. Mich. 1998) (citation omitted). Plaintiff's Amended Complaint recycles his prior assertion that "Plaintiff is a resident of Tennessee [and] the Defendants are residents of Tennessee," which is not sufficient. Additionally, Plaintiff still relies on the alleged transmittal of a defamatory statement to an unnamed individual "in New York." Docket No. 17, p. 2. This purported occurrence is still irrelevant to the elements of diversity jurisdiction. Thus, the Amended Complaint does not contain allegations sufficient to establish diversity-of-citizenship jurisdiction.

### 2. Plaintiff's Claims Do Not Raise a Federal Question.

In his Amended Complaint, Plaintiff asserts that this Court has jurisdiction over his defamation claim pursuant to the "federal [sic] Civil Rights Act of 1964" and his sexual harassment claim pursuant to "United States Code 29 § 1604.11." Docket No. 17, p. 2. However, neither federal statute is applicable. Thus, the Amended Complaint still presents no basis for federal-question jurisdiction.

#### i. Plaintiff's Defamation Claim

It appears that the basis for Plaintiff's defamation claim is that "Defendants made numerous statements in the published Memo which are patently false" and that Defendants "sought to harass"

him in violation of the "federal [sic] Civil Rights Act of 1964." Docket No. 17, p. 4. Plaintiff contends that Defendants "either knowingly disregarded the facts or are willfully negligent in ascertaining the truth of their statements." *Id.* at 5.

At heart, this is a state law claim for defamation that finds no roots in federal law. It is difficult to identify Plaintiff's intent in citing the Civil Rights Act of 1964 as a basis for defamation, as defamation is not found anywhere in the text of the Civil Rights Act, and the Amended Complaint does not clarify any connection. *See* 42 U.S.C. §§ 1981–2000h-6; Docket No. 17. It is even more difficult to identify Plaintiff's intent in citing "Tennessee Annotated Code for Defamation as seen in Chapter 24," as Chapter 24 of the Tennessee Code Annotated pertains to evidence rules, not to defamation. *See* Tenn. Code Ann. § 24.

As a result, Plaintiff's claim for defamation does not raise a federal question for purposes of subject matter jurisdiction.

### ii. Plaintiff's Sexual Harassment Claim

For the basis of his sexual harassment claim, Plaintiff directs the Court to "United States Code 29 § 1604.11." Docket No. 17, p. 1. 29 C.F.R. § 1604.11(a) states:

> Harassment on the basis of sex is a violation of section 703 of title VII. Unwelcome sexual advances, requests for sexual favors, and other verbal or physical conduct of a sexual nature constitute sexual harassment when (1) submission to such conduct is made either explicitly or implicitly a term or condition of an individual's employment, (2) submission to or rejection of such conduct by an individual is used as the basis for employment decisions affecting such individual, or (3) such conduct has the purpose or effect of unreasonably interfering with an individual's work performance or creating an intimidating, hostile, or offensive working environment.

29 C.F.R. § 1604.11(a). An individual qualifies as an "employer" for purposes of this statute if he or she serves in a supervisory position and exercises significant control over the plaintiff's hiring, firing, or conditions of employment. In such a situation, the individual operates as the alter ego of

the employer, and the employer is liable for the unlawful employment practices of the individual without regard to whether the employer knows of the individual's conduct. 29 C.F.R. § 1604.11(c). Employees have standing to bring suit against their employer under this statute; independent contractors do not. *See Shah v. Deaconess Hosp,*, 355 F.3d 496, 499 (6th Cir. 2004); *see also Christopher v. Stouder Meml. Hosp.*, 936 F.2d 870, 877 (6th Cir. 1991) (citing *Falls v. Sporting News Pub. Co.*, 834 F.2d 611, 613 (6th Cir. 1987) (concluding that while the term "employee" is to be construed broadly in Title VII, it is not meant to reach independent contractors)). Employees, as plaintiffs, have the burden of proving standing. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561, 112 S. Ct. 2130, 2136, 119 L.Ed.2d 351, 364 (1992); *see also Davis v. Colerain Twp.*, 51 F.4th 164, 171 (6th Cir. 2022).

Here, the facts alleged in the Amended Complaint seem to indicate that Plaintiff is not an employee, but rather an independent contractor of Brookstone (*See* Docket No. 17, pp. 3-4)–an employment status that does not provide Plaintiff the requisite standing to bring a claim under Title VII. *EEOC v. Guardian*, 2001 U.S. Dist. LEXIS 25255, *15 (M. D. Tenn. Feb. 16, 2001) (citing *Alfred v. Tennessee Farmers Mut. Ins. Co.*, 8 F. Supp.2d 1024, 1026 (E. D. Tenn. 1997)). Plaintiff states that he is "a sole proprietor" of his own construction and maintenance business and avers that he is "routinely hired" by Brookstone to complete various projects throughout the community. Docket No. 17, pp. 4, 3. As a result, Plaintiff does not have standing to bring suit against Defendants under 29 C.F.R. § 1604.11, rendering the allegations in Plaintiff's Amended Complaint insufficient to establish federal question jurisdiction.

9

Case 3:23-cv-00159    Document 25    Filed 06/05/23    Page 9 of 10 PageID #: 122

## VI. CONCLUSION

For the reasons stated herein, the undersigned recommends that both Defendants' Joint Motion (Docket No. 20) and Mr. Smith's Motion (Docket No. 22) be **GRANTED** pursuant to Fed. R. Civ. P. 12(b)(1) and that this action be **DISMISSED WITHOUT PREJUDICE**.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

JEFFERY S. FRENSLEY
**United States Magistrate Judge**