IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOHN F. CURRAN III, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 3:23-cv-00159 |
| v. ) | |
| ) | JUDGE RICHARDSON |
| BROOKSTONE HOME OWNERS ) | |
| ASSOCIATION, INC., *et al.*, ) | |
| ) | |
| Defendants. ) | |

## ORDER

Pending before the Court[1] is Defendants' Joint Rule 12 Motion to Dismiss Amended Complaint, Motion for Judgment on the Pleadings, and Motion for a More Definite Statement. (Doc. No. 20, "Joint Motion").[2] Defendant Shaun Smith has filed what he styled as a separate Motion in Support of the Joint Motion, incorporating by reference the Joint Motion; the Court treats this essentially as a separate motion to dismiss that is based on the same grounds advanced in support of the Joint Motion. (Doc. No. 22, "Defendant Smith's Motion"). Plaintiff, proceeding pro se, then filed a "Response to Motion to Dismiss" (Doc. No. 24, "Response to Motion to

---

[1] Herein, generally "the Court" refers to the undersigned district judge, as distinguished from the Magistrate Judge who issued the R&R.

[2] All Defendants appear to have joined in the Joint Motion, except Maryjo Shockley and Bradford A. York in their individual capacities, and Shaun M. Smith, in his individual capacity. (Doc. No. 20 at 2-3). As discussed above, Mr. Smith, though not technically joining in the Joint Motion, subsequently filed in his individual capacity what is essentially a separate motion to dismiss based on the same grounds as the Joint Motion. (Doc. No. 22). However, despite being served (and thus presumptively aware) of the Joint Motion, Ms. Shockley and Mr. York appear not to have joined in the Joint Motion or to have filed any motion to dismiss of their own. On the other hand, the Court perceives no basis for subject-matter jurisdiction as to claims against those two (non-moving) Defendants beyond any bases that conceivably could exist for claims against the moving Defendants. Accordingly, as noted below in the conclusion, any lack of subject-matter jurisdiction as to moving Defendants is applicable equally to the two non-moving Defendants and is grounds for dismissal of claims against the non-moving defendants as well as the moving Defendants.

Dismiss").³ The Magistrate Judge issued a Report and Recommendation (Doc. No. 25, "R&R") on June 5, 2023, in which he recommends that the Joint Motion and Defendant Smith's Motion be granted pursuant to Fed. R. Civ. P. 12(b)(1) and that this action be dismissed without prejudice. Plaintiff filed objections to the R&R (Doc. No. 26, "Plaintiff's Objections"), to which Defendants Shaun Smith and Tania Freeman each filed a response (Docs. No. 27, 28).⁴ Plaintiff then filed an untimely "Motion to File a Reply Brief and Brief" (Doc. No. 29, "Plaintiff's Motion"), which the Court will deny.⁵

LEGAL STANDARD

i.  Fed. R. Civ. P. 72(b)(3)

When a magistrate judge issues a report and recommendation regarding a dispositive pretrial matter, the district court must review *de novo* any portion of the report and recommendation to which a proper objection is made. Fed. R. Civ. P. 72(b)(3). "Parties cannot 'raise at the district court stage new arguments or issues that were not presented' *before* the

---

³ The liberal treatment of pro se pleadings "does not require lenient treatment of substantive law" and does not "apply after a case has progressed to the summary judgment stage." *See Johnson v. Stewart*, No. 08-1521, 2010 WL 8738105, at * 3 (6th Cir. May 5, 2010). Nonetheless, where Plaintiff's objections can be fairly construed as objecting to a portion of the Magistrate Judge's report and recommendation, even if the objection does not identify the portion through page numbers and paragraphs, the Court will treat the objection as procedurally proper. However, where any of Plaintiff's objections lack the specificity required under Local Rule 72.02, the Court must hold Plaintiff accountable for compliance with this district's local rules, despite his pro se status.

⁴ Defendant Tania Freeman's Response at Doc. No. 28 does not include arguments that differ from those in Defendant Shaun Smith's Response to Plaintiff's Objections at Doc. No. 27. Instead, Defendant Freeman's Response states that she joins in the response filed by co-defendant Shaun Smith (Doc. No. 27) and incorporates by reference that response as to the objections relevant to Defendant Freeman, namely Plaintiff's Objections 2, 3, and 4.

⁵ Plaintiff's Motion was filed 24 days after Defendant Smith's Response (Doc. No. 27) and 19 days after Defendant Freeman's Response (Doc. No. 28). Moreover, Plaintiff's Motion merely reasserts, almost verbatim, Plaintiff's Objections. Accordingly, the Court will deny Plaintiff's Motion and will not consider it for purposes of deciding whether to adopt the R&R.

magistrate judge's final R&R." *See Meddaugh v. Gateway Financial Service*, 601 F. Supp. 3d 210, 213 (E.D. Mich. 2022) (quoting *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000)).

The district judge may accept, reject, or modify the recommended disposition, review further evidence, or return the matter to the magistrate judge with instructions. *Id.* Fed. R. Civ. P. 72(b)(2) provides that a party may file "specific written objections" to a report and recommendation, and Local Rule 72.02(a) provides that such objections must be written and must state with particularity the specific portions of the Magistrate Judge's report or proposed findings or recommendations to which an objection is made. Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(3), the Court has reviewed the Report and Recommendation, Plaintiff's Objections, and the file. For the reasons stated herein, the Court overrules each objection made in Plaintiff's Objections and adopts and approves the Report and Recommendation. Therefore, Defendants' Motion (Doc. No. 80) is granted and Plaintiff's Motion (Doc. No. 87) is denied.

## ii. Fed. R. Civ. P. 12(b)(1)

Rule 12(b)(1) "provides for the dismissal of an action for lack of subject matter jurisdiction." *Cartwright v. Garner*, 751 F.3d 752, 759 (6th Cir. 2014). "Subject matter jurisdiction is always a threshold determination." *Am. Telecom Co. v. Republic of Lebanon*, 501 F.3d 534, 537 (6th Cir. 2007). There are two types of motions to dismiss for lack of subject-matter jurisdiction: facial and factual attacks. *Gentek Bldg. Prods., Inc. v. Sherman-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007). A facial attack questions merely the sufficiency of the pleading. When reviewing a facial attack, as the Court does here, a district court takes the allegations in the complaint as true. *Id*. If those allegations establish federally cognizable claims, jurisdiction exists. *Id*.

There are likewise two basic types of subject-matter jurisdiction: federal-question jurisdiction and diversity-of-citizenship jurisdiction. 28 U.S.C. §§ 1331, 1332. Diversity

jurisdiction exists where the parties have diversity of citizenship and the amount in controversy exceeds $75,000." *Wilson v. Allstate Ins. Co.*, No. 17-4248, 2018 WL 6422853, at *1 (6th Cir. June 25, 2018) (citing 28 U.S.C. §§ 1331, 1332). Diversity of citizenship means that the action is between "citizens of different States." 28 U.S.C. § 1332(a). A plaintiff properly invokes federal-question jurisdiction when he or she pleads a colorable claim "arising under" the Constitution or laws of the United States. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006) (citation omitted). The plaintiff bears the burden of establishing jurisdiction, *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994), and the court must dismiss the case without prejudice if he or she fails to do so. *Ernst v. Rising*, 427 F.3d 351, 366 (6th Cir. 2005).

Supreme Court precedent dictates that dismissal for lack of subject-matter jurisdiction due to an inadequate basis for federal-question jurisdiction is proper when "the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction" or "where such a claim is wholly insubstantial and frivolous." *Bell v. Hood*, 327 U.S. 678, 682-83 (1946).

## BACKGROUND[6]

The R&R adequately states the allegations, undisputed facts, and respective positions of the parties. However, the Court will provide a brief overview here, largely (though not exclusively) by citing to the R&R.[7] (Doc. No. 25).

---

[6] These facts are taken from the Amended Complaint to provide background information. (Doc. No. 17). Because this is a facial attack on subject-matter jurisdiction, the Court accepts as true the facts stated in the Amended Complaint as true.

[7] The Magistrate Judge was very conscientious in the R&R about citing the supporting parts of the record. Generally, when citing to the R&R, the undersigned will omit any citation to the parts of the record cited by the R&R, and likewise will not include any internal quotation marks.

Plaintiff is the sole proprietor of a construction and maintenance business and a member of Defendant Brookstone Home Owners Association ("Brookstone"), a homeowner's association for an established residential neighborhood in Mount Juliet, Tennessee. (*Id*. at 1). Brookstone "routinely hired" Plaintiff "to complete maintenance and construction projects throughout the neighborhood and at the private homes of the Board members." (*Id*. at 2). While Plaintiff was hired to complete these various tasks, he asserts that Defendant Mary H. Shockley "made sexually based comments" to him and "routinely touched [him] in an unwanted fashion." (*Id*.). Plaintiff further states that Defendant Shockley "exerted undo influence upon [him] by soliciting sexual favors in exchange for work opportunities on behalf of [Brookstone]." (*Id*.). Around this time, Plaintiff submitted several bids to complete projects for Brookstone, most of which were the lowest bid, according to Plaintiff. (*Id*.). Plaintiff received no complaints about the quality, cost, or timely completion of the projects he was assigned. (*Id*.). Plaintiff asserts that he has not received any work assignments from Brookstone since declining the sexual advances of Defendant Shockley. (*Id*.).

In or around mid-2022, Plaintiff disclosed to the Board members that he had been a "party"[8] to a federal criminal action, and directed the Board members to "review the transcript(s) of the criminal matter" and informed them about an "ongoing civil suit against the United States Government for damages incurred by the Plaintiff." (*Id*.).[9] According to Plaintiff, Brookstone "claimed to have fully researched the matter and concurred with Plaintiff and the Plaintiff's assertions." (*Id*.). On February 21, 2023, Brookstone published to members of the Brookstone Home Owners Association a memo regarding Plaintiff's disclosed criminal history. The memo stated:

---

[8] Plaintiff does not indicate what kind of "party" he was, but the Court surmises that if he was a "party" to a federal criminal action, he almost certainly would have been a defendant.

[9] The Amended Complaint does not further identify this alleged civil law suit.

> Over the last month, an individual who is now living in the neighborhood has been engaged in conduct that is misleading, divisive and inappropriate. The individual initially made a demand that the entire board resign and his unusual demands have escalated from there. An investigation into what prompted this demand revealed a troubling past for this individual who, if it is the same individual, was convicted in federal court in 2013 of securities fraud, sentenced to 37 months in prison, sentenced to an additional 3 years of probation, and "ordered [to] forfeit $1,963,065, and pay restitution of $1,250,768 to repay victims for the money they invested in [the individual's company]."

(*Id*.) at 2-3.

Plaintiff filed his initial Complaint on February 22, 2023 against Brookstone, Maryjo Shockley, and six other members of Brookstone's Board of Directors. (Doc. No. 1 at 1). Plaintiff sought damages in excess of $75,000 per Defendant, along with punitive damages, claiming that the memo circulated by Brookstone was defamatory. (*Id*. at 4). The Complaint did not allege the citizenship of the respective parties, but alleged that "Plaintiff is a resident of Tennessee [and] Defendants are residents of Tennessee" (*Id*. at 3) and that the memo "was received by a Member located in the State of New York." (*Id*. at 1). Finding no basis for subject-matter jurisdiction, on March 7, 2023, the Court ordered Plaintiff to file an Amended Complaint clearly demonstrating why the Court has either federal-question jurisdiction or diversity jurisdiction in the case. (Doc. No. 13).

On March 15, 2023, Plaintiff filed an Amended Complaint (Doc. No. 17), in which Plaintiff cited the "federal Civil Rights Act of 1964" as the basis for his defamation claim.[10] The Amended

---

[10] The reference to the "federal Civil Rights Act of 1964" seems likely to be to Title VII of the Civil Rights Act of 1964 ("Title VII"), which prohibits discrimination (as defined in particular ways) in certain spheres, such as employment. It is unclear to the Court how the defamation claim relates to Title VII (or anything else in the Civil Rights Act of 1964), but given that this citation was added only after Plaintiff was told that his defamation claim provided no basis for federal jurisdiction (*see* Doc. No. 13), the Court perceives that it is a weak attempt to establish a basis for federal-question jurisdiction.

Complaint also included a claim for sexual harassment related to Maryjo Shockley's alleged sexual advances, brought pursuant to "United States Code 29 § 1604.11." (*Id.*).[11]

Defendants submitted the Joint Motion on April 4, 2023. Thereafter, Plaintiff filed his Response to Motion to Dismiss. On June 5, 2023, the Magistrate Judge issued the R&R, which recommends that the Court grant the Joint Motion pursuant to Fed. R. Civ. P. 12(b)(1) and dismiss the action without prejudice. The Court now considers the R&R (Doc. No. 25) alongside Plaintiff's Objections and Defendants' responses Plaintiff's Objections (Docs. No. 27, 28).

## DISCUSSION

In the Joint Motion, Defendants assert that Plaintiff's Amended Complaint[12] should be dismissed on one or more of three separate and alternative grounds: (1) lack of subject-matter jurisdiction, (2) failure to state a claim upon which relief may be granted, and (3) failure to allege that the Equal Opportunity Employment Commission provided Plaintiff with a right-to-sue letter pursuant to 4 U.S.C. 29 § 1604.1.[13] (*Id.* at 3-4). Alternatively, Defendants demand that Plaintiff be required to file a more definite statement so that they can prepare an adequate response to the allegations in the Amended Complaint. (*Id.* at 4).

---

[11] Moreover, the Court surmises, as does the R&R, that by citing "United States Code 29 § 1604.11," Plaintiff intended to direct the Court to 29 C.F.R. § 1604.11. C.F.R. 29 § 1604.11(a) states:

> Harassment on the basis of sex is a violation of section 703 of title VII. Unwelcome sexual advances, requests for sexual favors, and other verbal or physical conduct of a sexual nature constitute sexual harassment when (1) submission to such conduct is made either explicitly or implicitly a term or condition of an individual's employment, (2) submission to or rejection of such conduct by an individual is used as the basis for employment decisions affecting such individual, or (3) such conduct has the purpose or effect of unreasonably interfering with an individual's work performance or creating an intimidating, hostile, or offensive working environment.

[12] The Amended Complaint (Docket No. 17) is the operative complaint.

[13] For reasons on which the Court need not dwell, this last argument is relevant only to the extent that Plaintiff is asserting a claim for discrimination in violation of Title VII.

The Magistrate Judge reviewed the parties' arguments in the R&R and recommended that the Court grant the Joint Motion pursuant to Fed. R. Civ. P. 12(b)(1) and dismiss this action without prejudice. (*Id*. at 10). The Magistrate Judge found that complete diversity does not exist among the parties and that Plaintiff's claims do not raise a federal question for purposes of subject-matter jurisdiction. (*Id*. at 6). Diversity jurisdiction does not exist under 28 U.S.C. § 1332, the Magistrate Judge, because Plaintiff has not alleged the citizenship of each party in his Amended Complaint. (*Id*. at 7).

In addition, the R&R finds that the Amended Complaint presents no basis for federal-question jurisdiction, because neither of Plaintiff's claims arises under federal law. (*Id*.). Plaintiff's defamation claim is that "Defendants made numerous statements in the published Memo which are patently false" and that Defendants "sought to harass" him in violation of the "federal [sic] Civil Rights Act of 1964." (Doc. No. 17 at 4). The R&R rejects as misguided Plaintiff's attempt to turn what is clearly a state-law claim into a federal law claim by merely citing the Civil Rights Act of 1964 without explaining how it is related to the defamation claim. (Doc. No. 25 at 8). The R&R also refuses to accept Plaintiff's sexual harassment claim brought under Title VII as a legitimate basis for federal-question jurisdiction. (*Id*.). Though sexual harassment claims generally are within the scope of Title VII, the Magistrate Judge concluded that under C.F.R. 29 § 1604.11 Plaintiff is an independent contractor, rather than an employee, of Brookstone. (*Id.* at 8-9). This was fatal to Plaintiff's claim of sexual harassment, the Magistrate Judge concluded, because only employees, and not independent contractors, can sue under Title VII. (*Id*. at 9) (citing *Shah v. Deaconess Hosp*., 355 F.3d 496, 499 (6th Cir. 2004) for the proposition that "[a]s a general rule, the federal employment discrimination statutes protect employees, but not independent contractors."); *Falls v. Sporting News Pub. Co*., 834 F.2d 611, 613 (6th Cir. 1987) (concluding

that while the term "employee" is to be construed broadly in Title VII, it is not meant to reach independent contractors). The R&R further concludes that Plaintiff's sexual harassment claim "clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction." (*Id.* at 6) (quoting *Bell v. Hood*, 327 U.S. 678, 682-83 (1946)). Thus, the R&R concludes that allegations in the Amended Complaint fail to establish an adequate basis for subject-matter jurisdiction.

**<u>Objection 1</u>**

In his first objection, Plaintiff asserts that he never received Defendant Shaun Smith's Motion to Dismiss (Doc. No. 22) and therefore could not present any response to it. On this basis, Plaintiff asks Court to strike any reference to Defendant Smith's Motion in the R&R and to sanction Defendant Smith. This objection fails because the Certificate of Service included in Defendant Shaun Smith's Motion in Support of Joint Rule 12 Motion to Dismiss Amended Complaint, Motion for Judgment on the Pleadings, and Motion for More Definite Statement (Doc. 22 at 3), demonstrates that a copy of the motion was indeed sent to Plaintiff via mail at his last known address as listed with the Clerk (as well as being served by the Court's Electronic Filing System, which apparently was the means for serving counsel for the various co-Defendants.) A valid certificate of service creates a presumption that the notice was actually mailed. *United States v. Wright,* No. 00–4030, 2000 WL 1846340, at *2 (4th Cir. Dec.18, 2000) (citing Fed. R. Civ. P. 5(d), Advisory Committee Notes, 1991 amendment stating that certificates of service are required to be on file because they "may be useful for many purposes, including proof of service if an issue arises concerning the effectiveness of the service"). Plaintiff does nothing to rebut that presumption here. Thus, Plaintiff was properly served under Fed. R. Civ. P. 5(b)(2), and any reference in the R&R to Defendant Smith's Motion to Dismiss is proper. Moreover, Plaintiff has

not identified any conduct in which Defendant Smith has engaged that warrants sanctions. Accordingly, this objection is baseless and is overruled.

**Objection 2**

Plaintiff next objects that the Magistrate Judge based his recommendation on facts not in evidence. This objection is procedurally deficient under Local Rule 72.02, which requires that objections "state with particularity the specific portions of the Magistrate Judge's report or proposed findings or recommendations to which an objection is made." M.D. Tenn. R. 72.02. The objection is so vague as to which facts not on which the recommendation purportedly are not evidence that the Court must disregard Plaintiff's objection in accordance with Local Rule 72.02, despite Plaintiff's pro se status.

Plaintiff then suggests that future discovery would demonstrate facts sufficient to show that Plaintiff qualifies as an employee under 29 C.F.R. § 1604.11(a). As examples, Plaintiff asserts that discovery would show that he did not sign a W-4 form or a W-9 form with Brookstone and that he was not issued a W-2 from Brookstone. But these (alleged) facts are entirely consistent with Plaintiff *not* being an employee and would actually tend to support the R&R's conclusion that Plaintiff was not an employee of Brookstone and thus may not sue Defendants under Title VII. Therefore, this objection is overruled.

**Objection 3**

In his third objection, Plaintiff asserts that "this Court had[ ]already ruled that the initial complaint" failed to establish diversity jurisdiction. (Doc. No. 26 at 4). Plaintiff apparently takes issue with what the Magistrate Judge making a ruling that he considers redundant. But, as suggested by Plaintiff's own words, this Court's ruling that Plaintiff had failed to establish diversity of citizenship, (Doc. No. 13 at 2-3), applied only to the *initial* complaint (Doc. 1); it could

not possibly have applied to the Amended Complaint, which at that time had not yet even been filed. The R&R, by contrast, finds that (despite the undersigned's clear admonition in Doc. No. 13) the *Amended Complaint* (Doc. No. 17) fails to establish complete diversity. Because Plaintiff's complaint here (of alleged redundancy) is factually misguided and in any event fails to also cast doubt upon the R&R's conclusion that complete diversity was established in the Amended Complaint (just as it was not established in the initial complaint), this objection is overruled.

**Objection 4**

In his final objection, Plaintiff notes that he clearly stated in his Response to the Joint Motion that he would provide a more detailed statement of allegations if ordered to do so and that any assertion to the contrary is patently false. It is unclear to what part of the R&R this objection relates, as the Magistrate Judge's ultimate recommendation is not premised on Plaintiff's willingness or unwillingness to provide a more detailed statement of allegations. Instead, by citing the relevant portion of Plaintiff's Response, (Doc. No. 25 at 4 (quoting Doc. No. 24 at 1)), the R&R specifically acknowledges that Plaintiff offered to make a more definite statement. Therefore, because this objection is vague, in violation of Local Rule 72.02, and because it is immaterial—because it is based on the truth of something, namely Plaintiff's stated willingness to provide a more definite statement that the R&R acknowledges to be true—this objection is without merit and is overruled.

CONCLUSION

For the reasons discussed herein, Plaintiff's Objections are overruled in all respects, and the Court adopts the Magistrate Judge's R&R. (Doc. No. 25). Accordingly, the Joint Motion (Doc. No. 20) and Defendant Smith's accompanying Motion (Doc. No. 22) are **GRANTED**. Plaintiff's Motion (Doc. No. 29) is **DENIED** for the reasons set forth in footnote 4 above.

As the Court noted above, Defendants Maryjo Shockley and Bradford A. York do not appear to have joined in the Joint Motion in their individual capacities. However, given the Court's conclusion that it lacks subject-matter jurisdiction over this case in its entirety, the absence of subject-matter is applicable to those two Defendants irrespective of their not moving to dismiss. The Court finds it appropriate to dismiss this action in its entirety (including with respect to these two non-moving Defendants) pursuant to Fed. R. Civ. P. 12(h)(3). "Rule 12(h)(3) instructs: 'Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.'" *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006) (quoting *Kontrick v. Ryan*, 540 U.S. 443, 455 (2004)). Accordingly, pursuant to Rule 12(b)(1) and Rule 12(h)(3), the Court DISMISSES this action in its entirety for lack of subject-matter jurisdiction.

This is the final order in this case. All relief being denied, the Clerk of the Court is ordered to enter final judgment under Federal Rule of Civil Procedure 58.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE